IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BENNIE E. BARNES,**<br>　　　**Plaintiff,** | )<br>)<br>) |
| vs. | )　　　**C.A. No. 09-151 Erie** |
| **COURT OF COMMON PLEAS, and**<br>**DISTRICT ATTORNEY ERIE COUNTY,)**<br>　　　**Defendants.** | )<br>)<br>　　　**Magistrate Judge Baxter**<br>) |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.　　RECOMMENDATION**

It is respectfully recommended that Plaintiff's complaint be dismissed without prejudice to Plaintiff's right to pay the filing fee of $350.00 before August 1, 2009.

**II.　　REPORT**

Plaintiff, an inmate incarcerated within the State Correctional System of Pennsylvania, presented this civil rights complaint against Defendants Erie County Court of Common Pleas and "District Attorney Office Erie County."

Section 804(g) of Pub.L. No. 104-134, enacted April 26, 1996, amended 28 U.S.C. § 1915 to provide:

> [i]n no events shall a prisoner bring a civil action ... under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in the court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. §1915(g).

Plaintiff has been a prolific advocate in this federal court.  At least three of Plaintiff's

1

prior lawsuits have been dismissed for failure to state a claim: Civil Actions Numbers 03-363Erie, 03-389Erie, and 05-112Erie, all filed in the United States District Court for the Western District of Pennsylvania. Additionally, Plaintiff's appeal of 03-389 to the United States Court of Appeals for the Third Circuit (docketed as 05-03870) was dismissed as frivolous.

An indigent inmate may overcome the "Three Strikes Rule" if he can show that he is under "imminent danger of serious physical injury." Abdul-Akbar v. McKelvie, 239 F.3d 307 (3d Cir. 2001) (interpreting imminent danger). Plaintiff has not credibly alleged such imminent danger.

Accordingly, Plaintiff must pay the full filing fee before August 1, 2009, or risk dismissal of this action.

### III.   CONCLUSION

Because of these prior dismissals, and because Plaintiff has not made a credible allegation that he is in imminent danger of serious physical injury, it is recommended that the complaint be dismissed without prejudice to Plaintiff's right to pay the full filing fee of $350.00 to the Clerk of Courts before August 1, 2009.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights. See Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

        S/ Susan Paradise Baxter
        SUSAN PARADISE BAXTER
        United States Magistrate Judge

Dated: July 20, 2009